OPINION OF THE COURT
GREENBERG, Circuit Judge.
This matter comes on before this Court on appeal from orders granting motions to dismiss and summary judgment dated December 19, 2007, and January 12 and 13, 2009, and from a final judgment dated February 10, 2009, entered following a subsequent nonjury trial. Curtis Wood, as administrator of the Estate of Devon Lee Reid, brought these consolidated actions against the City of Lancaster against whom he subsequently voluntarily *642 dismissed the case, the County of Lancaster, and certain officers and individuals associated with these entities. Ultimately, all the defendants remaining after the dismissal of the City were completely successful on motions to dismiss and for summary judgment except for corrections officer James Flaherty who prevailed at the trial, and thus the District Court dismissed or rendered judgment against Reid on the entire case.
The action arose in the aftermath of Reid’s arrest and incarceration in the Lancaster County Prison following his altercation with Lancaster City police officers. As a consequence of Reid’s bizarre behavior during confinement, the prison placed him on medical observation and suicide status. Unfortunately, on September 17, 2004, while Reid was in prison he suffered a pulmonary embolism, i.e., a blockage of his pulmonary artery or one of its branches, causing his death. We are not aware of any basis in the record to conclude that by his voluntary action, i.e., a suicide, Reid brought about the embolism.
Notwithstanding the circumstance that Reid died from natural causes his estate brought this action against defendants under 42 U.S.C. § 1983, asserting Eighth and Fourteenth Amendment deliberate indifference claims in which he included claims under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), against the County and Prison warden Vincent Guarini, and he also asserted supplemental state law claims. The District Court had jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367, and we have jurisdiction under 28 U.S.C. § 1291. Even though Wood’s notice of appeal recites that he is appealing, inter alia, from the final judgment entered after the nonjury trial on February 10, 2009, he does not challenge the outcome of that trial but, instead, focuses his appeal on the pretrial dispositions. Thus, we are exercising plenary review on this appeal. See Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir.2009); Rodriguez v. Our Lady of Lourdes Med. Ctr., 552 F.3d 297, 302 (3d Cir.2008).
We have reviewed the comprehensive opinion of the District Court dated January 13, 2009, and comprehensive explanatory order dated December 19, 2007, and are in complete agreement with those dispositions and cannot add anything significant to them. Accordingly, and taking into account the circumstance that Wood has not challenged the February 10, 2009 judgment on this appeal, the orders of December 19, 2007, and January 12 and 13, 2009, and the judgment of February 10, 2009, will be affirmed.